WAYNE PARSONS          1685
1406 Colburn Street, Suite 201C
Honolulu, Hawai`i 96817
Telephone:  (808) 845-2211
Facsimile:   (808) 843-0100
E-mail: wparsons@alohano.com

TRECKER FRITZ & WILLIAMS
Attorneys at Law

COLLIN M. (MARTY) FRITZ 1763
ALLEN K. WILLIAMS          2900
820 Mililani Street, Suite 701
Honolulu, Hawai`i 96813
Telephone:  (808) 528-3900
Facsimile:   (808) 533-3684
Email: cmfritz@lawctr.net
Email: allen@lawctr.net

Of Counsel:
MAGALI V. SUNDERLAND  4411
Email: mvs@lawctr.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JENNIFER L. BOYD and DEVIN C. BOYD,<br>        Plaintiffs,<br><br><br>HOLO HOLO CHARTERS, INC.; DOE DEFENDANTS 1-20; In Personam,<br><br>        Defendants. | CIVIL NO. _____<br>(In Admiralty)<br><br>COMPLAINT |

## COMPLAINT

Come now Plaintiffs JENNIFER L. BOYD and DEVIN C. BOYD, by and through their attorneys Trecker, Fritz and Williams, Magali Sunderland and Wayne Parsons, for Complaint against Defendants above-named allege and aver as follows:

### JURISDICTION & VENUE

1.     This is a claim for damages brought by a vessel's passengers, Plaintiffs JENNIFER L. (hereinafter "JENNIFER") and DEVIN C. BOYD (hereinafter "DEVIN"), husband and wife, (hereinafter jointly "Plaintiffs") against Defendant HOLO HOLO CHARTERS, INC. (hereinafter jointly referred to as "Defendant") the owner and or operator of the vessel aboard which plaintiffs were injured.

### JURISDICTION:

2.     This action is based upon diversity seeking damages in excess of $75,000, exclusive of costs and attorneys' fees, pursuant to 28 U.S.C §1332. In the event that diversity does not apply, then this case additionally is brought pursuant to admiralty and the maritime law of the United States of America under the admiralty and maritime jurisdiction of this court pursuant to 28 U.S.C. 1333.

### VENUE:

3.     The events giving rise to the claims stated herein took place within the County of Kaua`i, State of Hawai`i and the territorial waters immediately adjacent

2

thereto. Venue is asserted pursuant to Title 28 USC §§1391(6)(1) and (2)

Plaintiffs are informed and believe and thereupon allege that at all relevant times

Defendant was and/or is domiciled, located, licensed, and/or doing substantial

business within the State of Hawai`i, Island of Kaua`i and were inviting and

providing their vessel(s) for tourism excursion and snorkeling services to Plaintiffs

and other passengers. Further, Plaintiff JENNIFER's initial medical treatment for

injuries caused by the incident occurred within the State of Hawai`i and the Island

of Kaua`i. Furthermore, the complaints of tortious events herein occurred on the

ocean navigable waters along the north-west coast of the island and County of

Kaua`i, State of Hawai`i, between Port Allen and the Na Pali coast.

## PARTIES:

4.       Plaintiffs JENNIFER L. BOYD (hereinafter "JENNIFER") and

DEVIN C. BOYD (hereinafter "DEVIN"), husband and wife, are and were at all

times material herein, residents of the state of Texas and present in the State of

Hawai`i

5.       At all times herein, Defendant HOLO HOLO CHARTERS, INC.

(hereinafter referred to as "Defendant HOLO HOLO") is and was a corporation

organized in the State of Hawai`i licensed to and doing business in the State of

Hawai`i in interstate commerce as the owner and/or operator, charterer or sub

charterer, lessee, lessor and/or owner *pro hac vice* of the small passenger vessel

(SPV) LEILA (O.N. 991251) (hereinafter "Vessel").

6.      The Vessel LEILA: The catamaran LEILA (hereinafter "the Vessel")

was sailing or motoring on navigable waters operating out of Port Allen conducting

sightseeing, snorkeling and an ocean activity excursion at the time of Plaintiffs'

injuries.

7.      DOE DEFENDANTS 1-20 are sued herein under fictitious names for

the reason that after diligent and good faith efforts to ascertain their names and

identities through review of applicable records and through interviews, their true

names and identities are presently unknown to Plaintiffs except that they are

connected in some manner with the named Defendants and/or were the agents,

servants, employees, employers, representatives, co-venturers, associates, vendors,

suppliers, manufacturers, sub-contractors or contractors and/or owners, lessees,

assignees, licensees, designers, and architects of the named Defendants and/or were

in some manner presently unknown to the Plaintiffs engaged in the activities alleged

herein and/or were in some manner responsible for the injuries or damages to

Plaintiffs and/or manufactured and/or designed and/or placed on the market a

product which was defective; which defect was proximate and/or legal cause of

injuries or damages to Plaintiffs and/or inspected and/or maintained and/or

controlled some object or product in a negligent manner, which negligence was a

4

proximate and/or legal cause of such injuries or damages to Plaintiffs and/or

conducted some activity in a negligent or dangerous manner; which negligent or

dangerous conduct was a proximate and/or legal cause of injuries or damages to

Plaintiffs and/or were in some manner related to the named Defendants and Plaintiffs

pray for leave to insert herein their true names, identities, capacities, activities and/or

responsibilities when the same are ascertained.

## ALLEGATIONS OF FACT
### ACCRUAL OF CAUSE

8.    The complaint of incident causing injuries to Plaintiffs occurred on or

about December 23, 2021 (hereinafter "Subject Date") aboard the Vessel.

9.    Plaintiffs are informed and believe and thereupon allege that at all

relevant times, the Defendant was the owner, or owned *pro hac vice*, and operated

the Vessel for profit on the Subject Date.

10.    At all relevant times, Plaintiffs were vacationing fare-paying

passengers aboard the Vessel on a tour of the waters and wildlife in and about the

Pacific Ocean between Port Allen and the Na Pali coast off the Island of Kaua`i. The

voyage on the Subject Date began and ended at Port Allen.

## COUNT I
### NEGLIGENCE

11.    On or about December 23, 2021, Plaintiffs, and their minor children

5

were passengers abord the Vessel for an excursion along the west coast of Kaua'i

between Port Allen and the Na Pali coast (hereinafter referred to as the "excursion").

12.     The ocean area where plaintiff JENNIFER was injured on the excursion

described herein is well-known to have vessels encounter varying ocean swell

heights and frequencies that can cause significant impacts with vessels such as the

Vessel LEILA.

13.     Defendants had a duty to protect passengers from such foreseeable

impacts by designating specific safe and secure seating locations that provide

railings, ropes, handholds, footholds or other devices for safety when the vessel is in

an area where wave impacts with the vessel are foreseeable while vessel is

underway.

14.     The Captain and crew were employees or authorized agents of

Defendant HOLO HOLO, and at all times were acting within the course and scope

of their employment on the excursion.

15.     The Captain of the Vessel supervised the crew and passengers during

the subject excursion.

16.     The excursion featured sailing, sightseeing, snorkeling, and swimming

along the north-western coastline of the Island of Kaua`i, State of Hawai`i.

17.     The Plaintiffs were assured of the safety of the excursion.

18.     As the excursion got underway from Port Allen, Plaintiff JENNIFER was told by Captain Kelli Hughes that she could sit on the upper deck cabin top.

19.     After the Vessel stopped for snorkeling, it proceeded toward the Na Pali coast and sightseeing.

20.     After sightseeing near Na Pali, the Vessel commenced the return trip to Port Allen with Plaintiff JENNIFER was again seated on the upper deck cabin top, with her daughter next to her, clearly visible to the Captain and other crew members.

21.     The upper deck cabin top lacked railings, secure seating, ropes, restraints, hand holds, foot holds or other safety devices for passengers to use to secure and protect themselves if the Vessel encountered rough ocean conditions involving wave impacts.

22.     No warnings regarding the Vessel encountering impacts with waves, nor about designated seating areas, were given to Plaintiffs by the Captain or crew.

23.     Defendant HOLO HOLO and the Captain and crew knew or should have known that the upper deck cabin top was not designated for passenger seating when the Vessel was underway in an area such as that alleged herein were forceful impacts with large waves was foreseeable.

24.     Plaintiffs did not know and was not informed by the Captain or crew, that Plaintiff JENNIFER and her daughter were in an area not designated for passenger seating.

7

25.     During return to port while Plaintiff JENNIFER was seated on the upper deck cabin top, the Vessel began to encounter increasingly rough seas, ocean conditions and waves.

26.     After a series of increasingly forceful impacts between the Vessel and waves, a wave impacted the Vessel washed over the bow of the Vessel and swept Plaintiff JENNIFER off the upper deck cabin top causing her to fall approximately six-feet to the salon deck, fracturing two vertebrae and suffering extensive trauma and injuries to her body.

27.     As the wave swept over the bow of the VESSEL and hit Plaintiff JENNIFER, she reached to protect her daughter lying next to her from injury but was unable to do so and was then instantly swept away by the wave.

28.     On the Salon Deck after the fall Plaintiff JENNIFER could not stand up, and was immobilized due to fear of paralysis, from the dock was transported by ambulance to Wilcox Hospital in Lihue, medevacked to Queens Medical Center in Honolulu, underwent surgery in Honolulu, as well a second spine surgery upon return home to Texas.

29.     Plaintiff JENNIFER has suffered serious and permanent injuries, including but not limited to a prominent compression fracture of the superior endplate of L1 with anterior wedging and some posterior displacement of the posterior portion of the superior endplate, disc bulges throughout the lumbar spine

8

and facet and ligamentum flavum hypertrophy at L3-L4 and L4-L5, as well as other injuries to her entire body.

30.     Defendant HOLO HOLO and the crew knew or should have known that it was reasonably foreseeable that the Vessel may encounter waves such as the ones described herein during the return to Port Allen in the area where Plaintiff JENNIFER was injured.

31.     Defendant HOLO HOLO knew, and the Captain and the crew knew or should have known, that the upper deck cabin top was not designated for passenger seating and that it was an unsafe place for Plaintiff JENNIFER to be located on the return to Port Allen from the Na Pali coast.

32.     Allowing Plaintiff JENNIFER to sit on the upper deck cabin top during the return from Na Pali was a breach of the high duty of Defendants to provide for the safety of passengers.

33.     Defendants and the Captain and crew negligently failed to inform Plaintiff JENNIFER about the dangers of sitting on the upper deck cabin top.

34.     Defendants the Captain and other crew members negligently failed to inform Plaintiff JENNIFER that the upper deck cabin top was not designated as a passenger seating area, and that it was an unsafe place for passengers to sit when wave impacts were occurring.

9

35.    Defendants and the Captain and crew were negligent by not proceeding at a safe speed or on a safe course prior to impacting the wave that caused injuries to Plaintiff JENNIFER.

36.    As a direct, proximate and/or legal result of the negligence of Defendants and the Captain and crew Plaintiff JENNIFER has suffered, and will continue to suffer in the future, severe and permanent physical injury; severe pain and suffering; permanent disfigurement and disability; severe emotional distress; loss of enjoyment of life; impairment of her ability to participate in her hobbies and other activities; entitling her to compensation for general damages.

37.    As a further direct, proximate and/or legal result of the negligence of Defendants, and the Captain and crew, Plaintiffs JENNIFER and DEVIN have incurred, and will continue to incur in future, expenses for the care, treatment, and rehabilitation of her injuries, as well as other economic losses for which they are entitled to compensation.

38.    As a further direct, proximate and/or legal result of the negligence of Defendants, and the Captain and crew, Plaintiff JENNIFER has suffered a loss of income and future earning capacity and/or other limitations in her employment opportunities.

39.    At the time of the aforementioned incident, Plaintiffs and their children were present and were in the zone of danger that resulted in injury to Plaintiff

JENNIFER, and/or directly observed the incident and the consequences to Plaintiff

JENNIFER.

40.    Defendant HOLO HOLO is liable for the acts and omissions of the

Captain and crew through the doctrine of *Respondeat Superior*.

## COUNT II
## LOSS OF CONSORTIUM

41.    The Plaintiffs repeat, reallege and incorporate herein paragraphs 1-40

of this pleading.

42.    As a further direct, proximate and/or legal result of the negligence of

Defendants, and the Captain and crew, Plaintiff DEVIN has suffered, and will

continue to suffer in future, serious emotional distress, and the loss and/or

impairment of Plaintiff JENNIFER's society, companionship and consortium, and

other non-economic damages for which he is entitled to compensation.

## COUNT III
## CORPORATE LIABILITY

43.    The Plaintiffs repeat, reallege and incorporate herein paragraphs 1-42

of this pleading

44.    Pursuant to general maritime law, Defendant HOLO HOLO owed

a high duty of care to the Plaintiffs, which duty included, but was not limited to:

a)    The duty not to negligently injure Plaintiff JENNIFER;

b)      The duty to provide a seaworthy Vessel and appurtenances, that was well designed, well planned and executed, with safe designated seating areas for each passenger on the Vessel, and a Vessel and excursion that was reasonably safe;

c)      The duty to have training methods, materials, policies, procedures and supervision for the Captain and crew, as well as employes or agents who operate the Vessel in a reasonably safe fashion;

d)      The duty to provide a Captain and crew who were able and properly credentialed and trained to protect the safety of passengers and to operate the Vessel in a reasonably safe fashion;

e)      The duty to have and enforce company policies that passengers are to be seated on the Vessel only in designated seating areas when the Vessel is underway, particularly in areas where impacts with forceful waves are reasonably foreseeable;

f)      The duty to adequately train, educate, supervise, monitor and provide policies, guidelines, standards, procedures, protocols, rules, manuals, checklists and safety mechanisms, including but not limited to the identification of the Vessel's designated seating locations, to ensure competency of the Captain and crews, employees or agents who operate Defendant HOLO HOLO's vessels such as the Vessel for excursions such as that described herein;

g)     The duty to oversee and monitor the assignment, training and competence of the Master, crew, employees or agents who operate the Vessel, for excursions such as that described herein, to ensure that the persons are properly credentialed, knowledgeable and properly trained, and provided correct information to passengers about designated seating areas, if and when the Vessel encountered wave impacts during an excursion such as the one described herein, in order to comply with it's high duty to protect passengers and the law and company rules and policy.

45.     Defendant HOLO HOLO breached its duties of due care which resulted in the serious and permanent injuries and losses of Plaintiffs as alleged herein.

46.     The serious personal injuries suffered by Plaintiff JENNIFER were the direct and proximate result of negligent acts and omissions of Defendant HOLO HOLO.

COUNT IV
PUNITIVE DAMAGES

47.     Plaintiffs reassert and reallege, as if fully set forth herein, the allegations of Paragraphs 1 through 46 above.

48.     Defendants' acts and/or omissions may have been so wanton, reckless and/or grossly negligent as to warrant the imposition of punitive damages, and Plaintiffs pray leave to introduce evidence of such aggravated conduct at trial.

WHEREFORE, Plaintiffs above-named pray for judgment against Defendants, jointly and severally, as follows:

1.      General damages, in amounts to be proved at trial;

2.      Special damages, in amounts to be proved at trial;

3.      Punitive or exemplary damages in amounts, if any, warranted by the evidence presented at trial;

4.      Attorneys' fees and costs of suit;

5.      Interest allowed by law, including prejudgment interest; and

6.      Such other and further relief as the Court deems just in the premises.

Plaintiffs affirmatively assert that they seek damages in excess of the minimum jurisdictional requirements of this Court.

DATED:     Honolulu, Hawai`i, December 22, 2023.

_____/s/ Collin M. Fritz_____
WAYNE PARSONS
COLLIN M. FRITZ
ALLEN K. WILLIAMS
MAGALI V. SUNDERLAND
Attorneys for Plaintiffs
